A94A2512. COWETA COUNTY IMPOUND & STORAGE, INC. v. SECURITY PACIFIC FINANCIAL SERVICES.
(455 SE2d 370)

RUFFIN, Judge.

Coweta County Impound & Storage, Inc. ("Coweta") appeals from the trial court's grant of summary judgment and a writ of possession to Security Pacific Financial Services ("Security Pacific").

The owner of a mobile home park filed eviction proceedings against a tenant and obtained a writ of possession to property on which the tenant's mobile home was placed. At the park owner's direction, Coweta removed the tenant's mobile home and stored it at Coweta's impound lot. After Coweta learned through the Motor Vehicle Division of the Georgia Department of Revenue that Security Pacific had a security interest in the mobile home, Coweta notified Security Pacific of its possession of the mobile home and requested payment for impound, towing and storage expenses. Security Pacific refused Coweta's demand for payment in writing and explained, referring to a retail installment contract for the mobile home which had been assigned to Security Pacific, that it was under no obligation to pay Coweta because of its superior perfected security interest in the mobile home. Since the owner of the mobile home was then in default of the retail installment contract, Security Pacific demanded Coweta's return of the mobile home. When Coweta refused, Security Pacific filed the instant action for a writ of possession, posted a $2,000 bond and took possession of the mobile home.

Security Pacific moved for summary judgment on the ground that under OCGA § 11-9-310, its perfected security interest in the mobile home is superior to Coweta's lien for moving fees and storage expenses under OCGA § 44-7-59 which is of no higher priority than a mechanics lien. In opposition to the motion, Coweta argued it had the option of asserting its lien under the Abandoned Motor Vehicle Act.

1. In its first two enumerations of error, Coweta contends the trial court erred in failing to consider evidence that mobile homes are motor vehicles under the Abandoned Motor Vehicle Act (OCGA § 40-11-1 et seq.) and refusing to allow Coweta to assert its rights under

that statute.

Pretermitting a determination as to whether the mobile home is a motor vehicle under Code Section 40-11-1 (2), we find that the Abandoned Motor Vehicle Act is not applicable in the instant case because the mobile home was not "abandoned" as provided in the statute. See OCGA § 40-11-1 (1). The mobile home was not left for repair, was not left unattended on a public street and was not towed onto private property at the request of a law enforcement officer. Nor is there evidence that the mobile home was towed onto private property at the request of a property owner or otherwise left unattended on private property for 30 days or more without anyone's having made a claim thereto. See OCGA § 40-11-1 (1) (D), (E). The writ of possession was obtained on January 13, 1994, and on January 27, 1994, Coweta moved the mobile home to its impound lot. On February 9, 1994, Security Pacific demanded return of the mobile home, and on February 18, 1994, Security Pacific filed the instant action for a writ of possession, thus demonstrating a claim within 30 days of the first writ of possession and another claim within 30 days of Coweta's removal of the mobile home.

The foregoing demonstrates the mobile home in the instant case did not satisfy one of the basic requirements of the Abandoned Motor Vehicle Act. Accordingly, the trial court did not err in refusing to allow Coweta to proceed under the statute. Coweta's arguments in this respect to the contrary are without merit.

2. Coweta contends the trial court's decision allows Security Pacific to circumvent an innocent creditor and, as a consequence, Security Pacific is unjustly enriched. Coweta also argues that the decision is contrary to public policy because it would inhibit future evictions of mobile homes. However, Coweta is not without remedy. Under OCGA § 44-7-59, transportable housing is removed at the expense of the tenant. In addition, the statute imposes a lien upon such housing for moving fees and storage expenses in favor of towing and storage companies performing such services which may be foreclosed in the same manner as mechanics liens.

3. Based on the foregoing, we need not address Coweta's remaining enumerations of error.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 15, 1995.

*R. Michael Rickles, Sr.,* for appellant.
*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson,*

*John J. McCloskey,* for appellee.